IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUENETTA FENDERSON and EDWARD McCURDY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACT. NO.  2:13cv51-CSC ) |
| ALABAMA BOARD OF PARDONS and PAROLES, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

In their complaint, plaintiffs Quenetta Fenderson ("Fenderson") and Edward McCurdy ("McCurdy") allege that they were discriminated against and retaliated against based on race, and they were deprived of their equal protection rights.  They bring their claims pursuant to 42 U.S.C. §§ 1983 and 1981, the Fourteenth Amendment to the United States Constitution and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). The court has jurisdiction of the plaintiffs' claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 28 U.S.C. § 2000e-5.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

On February 27, 2013, defendant Alabama Board of Pardons and Paroles filed a motion to dismiss counts I, II, III, IV, V, VII and VIII of the plaintiffs' complaint, asserting that as a

state agency, it is entitled to Eleventh Amendment immunity.[1]  After careful review, the court concludes that the defendant's motion to dismiss is due to be granted.

## DISCUSSION

In their complaint, Fenderson and McCurdy allege that they have been the victims of race discrimination and retaliation because they participated in an investigation that resulted in litigation by another employee.  Defendant Alabama Board of Pardons and Paroles alleges that it is entitled to Eleventh Amendment immunity from suit on counts I, II, III, IV, and V, and sovereign immunity from suit on counts VII and VIII.  *See* Doc. # 12.  In response to the defendant's motion to dismiss, the plaintiffs concede that counts I, II, III, VII and VIII are due to be dismissed on immunity grounds.  *See* Doc. # 23 at 13 & 15.

However, the plaintiffs argue that counts IV and V, the retaliation claims brought pursuant to 42 U.S.C. § 1981, can proceed under 42 U.S.C. § 1983.  "Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983."  *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008).  *See also Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000) (The exclusive remedy for enforcement of § 1981 rights against state actors is § 1983.)  Thus, the plaintiffs can only bring their 42 U.S.C. § 1981 claims pursuant to 42 U.S.C. § 1983, and the law is clear that state agencies are absolutely immune from suit under § 1983.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  Consequently, because the Alabama Board

---

[1] The defendant does not seek to dismiss count VI which is based on Title VII.  Thus, this count remains pending against this defendant.

of Pardons and Paroles is an agency of the State of Alabama, and the plaintiffs bring their § 1981 claims pursuant to §1983, the Board is absolutely immune from suit, and the plaintiffs' § 1981 claims against this defendant must fail.

### IV.  CONCLUSION

Accordingly, it is

ORDERED that defendant Alabama Board of Pardons and Paroles' motion to dismiss (doc. # 12) be and is hereby GRANTED and counts I, II, III, IV, V, VII and VIII against this defendant be and are hereby DISMISSED

Done this 7th day of May, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE